*Randy Lee Stapleton*
Name
*77152-112*
Prison Number
*FCI - Herlong*
*P.O. BOX 800*
*Herlong, CA. 96113.*
Address (or Place of Confinement

Note: If represented by an attorney, write attorney's name, address & telephone number

---

# FILED

## APR 1 8 2022

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

---

# *United States District Court*

## EASTERN DISTRICT OF CALIFORNIA

---

*Randy Lee Stapleton*
Full Name (First, Middle, Last)

                    Petitioner,

        vs.

*Paul Thompson*
Name of Warden

(or other authorized person having custody of petitioner)

                    Respondent.

CASE NO. **2:2 2  CV . 0 6 7 8  DMC  HC**

(to be supplied by the Clerk of the
United States District Court)

**PETITION FOR
WRIT OF HABEAS CORPUS
PURSUANT TO 28 U.S.C. § 2241
BY A PERSON IN FEDERAL CUSTODY**

---

PLEASE COMPLETE THE FOLLOWING (check the appropriate number):

This petition concerns:

1. _____ a conviction
2. _____ a sentence
3. _____ jail or prison conditions
4. _____ prison discipline
5. _____ a parole problem
6. **XXXXX** other

**CAUTION:** If you are attacking a federal conviction,
sentence or judgment, you must
first file a direct appeal or motion under
28 U.S.C. § 2255 in the federal court which
entered judgment.

---

# PETITION

(1)   Place of detention:_____ N/A _____

(2)   Name and location of court which imposed sentence:_____ N/A _____

(3)   Offense(s) and indictment number(s) (if known) for the sentence imposed: _____ N/A _____

(4)   The date the sentence was imposed and the terms of the sentence: _____ N/A _____

(5)   What was your plea (check one):      Not guilty ( )      Guilty ( )      Nolo contendere ( )

(6)   Kind of trial (check one):      Jury ( )      Judge only (✓)

(7)   Did you appeal from the judgment of conviction or the imposition of sentence:   Yes ( )      No ( )

(8)   If you did appeal, answer the following for *each* appeal:

   FIRST APPEAL:
   Name of court:_____ N/A _____
   Grounds raised (list each):
       1)   _____ N/A _____
       2)   _____ N/A _____
   Result/Date of result:_____ N/A _____

   SECOND APPEAL:
   Name of court:_____ N/A _____
   Grounds raised (list each):
       1)   _____ N/A _____
       2)   _____ N/A _____
   Result/Date of result:_____ N/A _____

## GROUNDS FOR THIS 28 U.S.C. § 2241 PETITION

(9)   State *CONCISELY* every ground on which you claim that your sentence is being executed in an illegal manner.  Summarize *briefly* the *facts* supporting each ground

   **CAUTION:**      If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

→ GROUND ONE Being denied Second Chance Act when "Prisoners" are legally eligible to be placed in RRC, at "any time" during my sentence". 18 U.S.C. § 3621(b). I am requesting to do the remainder of my sentence at a (RRC).

Supporting *FACTS* for *GROUND ONE* (tell your story *BRIEFLY* without citing cases or law).

**CAUTION:** You must state *facts, not conclusions*, in support of your grounds. A rule of thumb to follow is -- who did exactly what to violate your rights at what time or place.

I requested to my case manager, unit manager, and FCI Herlong Warden: Paul Thompson respectfully for immediate consideration for transferring to residential re-entry center (RRC) pursuant to 18 U.S.C. § 3621(b), and without reference to certain BOP policies that i asserted contradict the plain language, and Congress's intent of § 3621(b). I was denied, and told i was ineligible, they will not consider placement until 17-19 months preceding my release date. Thus i am filing "writ" Challenging BOP regulations.

→ GROUND TWO The BOP Regulations violate the Clear and Unambiguous Congressional Intent Expressed in § 3621(b).

Supporting *FACTS* for *GROUND TWO* (tell your story *BRIEFLY* without citing cases or law).

Due to the BOP denying my requests to immediately consider transferring me to (RRC) placement for a less restrictive placement. After having served "over 60 percent" of my sentence, and "never receiving Any incident report(s)" my whole 40 months in BOP while programming, and completing programs to reduce my recidivism-like non-residential (RDAP), and others. I am being labelled "ineligible, and denied" for immediate consideration of transfer to (RRC) without cause. I respectfully request this Court order BOP to transfer me to (RRC) placement.

ADMINISTRATIVE APPEALS

(10) Have you presented the claims raised in Question #9 of this petition to prison officials in a prison administrations appeal?

Yes ( )   No ( )   If your answer is no, explain why not: **N/A**

If your answer is yes, answer the following for *each* administrative appeal:

FIRST ADMINISTRATIVE APPEAL     Level of appeal: **N/A**
Grounds raised (list each):
    1) **N/A**
    2) **N/A**
Result/Date of result: **N/A**

SECOND ADMINISTRATIVE APPEAL     Level of appeal: **N/A**
Grounds raised (list each):
    1) **N/A**
    2) **N/A**
Result/Date of result **N/A** .

PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 BY A PERSON IN FEDERAL CUSTODY
Page 3 of 5

THIRD ADMINISTRATIVE APPEAL          Level of appeal: _N/A_____
Grounds raised (list each):
    1)    _____N/A_____
    2)    _____N/A_____
Result/Date of result:_____N/A_____

FOURTH ADMINISTRATIVE APPEAL         Level of appeal: _N/A_____
Grounds raised (list each):
    1)    _____N/A_____
    2)    _____N/A_____
Result/Date of result:_____N/A_____

(11)    Is the grievance process completed?    Yes ( )    No ( )  _N/A_

## PREVIOUS PETITIONS

(12)    Have you filed previous petitions for habeas corpus under 28 U.S.C. § 2241 or 28 U.S.C. § 2255, or any other applications, petitions or motions with respect to the claims raised in Question #9 of this petition?

    Yes ( )    No (✓)

(13)    If your answer to Question #12 was yes, give the following information for *each* previous petition:

FIRST PREVIOUS PETITION
Name of court:_____N/A_____
Nature of proceeding:_____N/A_____
Grounds raised (list each):
    1)    _____N/A_____
    2)    _____N/A_____
Result/Date of result:_____N/A_____

SECOND PREVIOUS PETITION
Name of court:_____N/A_____
Nature of proceeding:_____N/A_____
Grounds raised (list each):
    1)    _____N/A_____
    2)    _____N/A_____
Result/Date of result:_____N/A_____

(14)    If the claims raised in Question #9 of this petition concern your conviction or sentence, explain why you are filing your petition pursuant to § 2241 instead of § 2255.  _N/A_
_____
_____
_____
_____
_____

(15)   Are you presently represented by counsel?

Yes ( )          No (✓)

If so, provide your attorney's name, address, and telephone number:

_____

_____

(16)   If you are seeking leave to proceed *in forma pauperis*, have you completed the application setting forth the required information?

Yes ( )          No (✓)

Note: If your answer is no, you must send a $5.00 filing fee to the court with your petition.

WHEREFORE, petitioner prays that the court grant petitioner relief to which he may be entitled in this proceeding.

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

(Mar.)
03/25/2022
(Date)

_____
(Signature of Petitioner)

_____
(Signature of Attorney, if any)

RANDY LEE STAPLETON,)
   Petitioner,   )
               )
               )   Case No. CV=____2:2 2   CV . 0 6 7 8 DMC HC
VS.           )
               )
PAUL THOMPSON, Warden )
Federal Correctional Institution )
     Herlong,     )
   Respondent.   )

HABEAS CORPUS
PURSUANT TO 28 U.S.C. §2241

---

COMES NOW, the Petitioner, Randy Lee Stapleton, Pro Se, respectfully moves this Court to issue an order, directing Warden Thompson who controlled (Administrative at the Federal Correctional Institution located in Herlong, California) at the time I request for administrative remedy to correctly follow 18 U.S.C. §3621 (b) as mandated by Congress, and not the vague, and ambiguous policy adopted by the Bureau of Prisons (BOP) in 2002 or 2005 that has been continuously deemed invalid by several United States Circuit Courts, including this District Court, and immediately transfer Petitioner to a Residential Re-entry Center (RRC) for the remainder of his sentence.

This Court has jurisdiction over this matter. Petitioner, is a federal prisoner seeking to Challenge the manner, location, or Conditions of his sentence's execution and therefore must proceed with a Habeas Corpus, brought pursuant to §2241, in the Courts that has jurisdiction over the prison in which he is incarcerated.

Furthermore, even though Petitioner has exhausted his administrative remedies. Petitioner need not exhaust his administrative remedies because he is not Challenging the application of BOP policy, but its validity, and therefore exhaustion would be futile.

The Petitioner submits this memorandum brief in support of his motion §2241.

DATE: this 25th. day of March, 2022.

/S/

Randy Lee Stapleton, Pro Se
Reg# 77152-112
Federal Correctional Institution Herlong
P.O. BOX 800
Herlong, CA. 96113.

2.

# MEMORNDUM BRIEF
## STATEMENT OF CASE

PURSUAT, to a plea agreement, Petitioner pled guilty to one count of violating 21 U.S.C. §§ 841 possession of 17.94 grams of Methamphetamine with intent to distribute and was sentenced to 77 months in Federal Prison on August 5th, 2019. Petitioner has been in Federal custody, since September 4th, of 2018 and accrued all possible good time credit (GTC).

Petitioner has now served 60.9 percent of his sentence and should be considered for a less restrictive place of imprisonment according to 18 U.S.C. § 3621(b). During his last Program Review (Unit Team), Petitioner was advised that he is not eligible for consideration for RRC/CCC placement until 12-13 months, and prior to that Program Review (Unit Team), Petitioner was also advised that he is not eligible for consideration for RRC/CCC placement until 17-19 months prior to projected release date (PRD) citing BOP Program Statement 7310.04 CCC CRITERIA AND REFRRAL GUIDELINES. This BOP policy is also in direct conflict with § 3621(b), it is a derivative of § 3624, but contradicting of § 3621(b). Also these regulations are (BOP Program Statement 7310.04) invalidated by this Court, and many Circuit Courts. Petitioner is not asking for a release. The BOP's reliance on a pre-release policy and CCC/RRC utilization policy is substantially prejudicial to the correct determination of Petitioner's place of imprisonment. Petitioner has requested to be appropriately considered for CCC/RRC placement to serve the remainder of his sentence.

As Congress gave the authority to the BOP to correctly exercise discretion under §3621 through the Sentencing Reform Act of 1984, they also removed Federal Parole with the implementation of the Federal Sentencing Guidelines in 1987, creating a 500 percent increase in Federal Prisoners between 1987 and 2006. Then 16 years ago recidivism rates was approaching 70 percent, and now beyond that 70 percent, its clear proof that the BOP is still fostering institutionalism rather than rehabilitation. Even well after 36 months of the First Step Act enacted December 21, 2018 to create programs to reduce high recidivism, yet my high recidivism has been stuck for 41 months of Petitioner's whole imprisonment, while petitioner has done everything required of him by (unit Team). Petitioner prays this Court will intervene, and provide him opportunity to rehabilitate.

## MEMORANDUM BRIEF
## SUPPORTING CASE LAW

According to 18 U.S.C. §3621(b) the BOP has a duty to consider the enumerated factors set forth in the consideration of each individual prisoner on a case by case basis to determine the appropriate place of imprisonment see _Woodall_ v. _Federal Bureau of Prisons_, 432 F.3d 235 (3rd Cir. 2005); _Fults_ v. _Sanders_, 442 F.3d 1088 (8th. Cir. 2006); _Levine_ v. _Apker_, 455 F.3d 71 (2nd Cir. 2006); and in this District Court _Horn_ v. _Ellis_, No. 06-CV-F-0006-OWW-TAG-HC (April 21, 2006); and _Arcandiano_ v. _Wrigley_, Case No. 06-CV-00780-AWI-DLB-HC, and _Rodriguez_ v. _Smith_, Case No. 1:07-CV-00190-OWW-LJO-HC, all consistently finding the BOP regulations of 2002 and 2005 are contrary to, or an impermissible construction of the Section 3621(b) as Congress mandated, and

therefore finding 28 C.F.R. § 570.20 and 21 invalid.

Furthermore, Petitioner continued exausation of the (BOP) administrative remedy process to Western Regional office, in which has only proven to be futile, so therefore unnecessary to continue, and 30 days has laps since. Futility is an exception to the exhausation requirement. *Laing v. Ashcroft*, 370 F.3d 994, 1000-01 (9th. Cir. 2004).

Therefore, Petitioner, a prisoner incarcerated in this secure facility within the BOP, respectfully submits this petition requesting this Honorable Court to Order Warden Thompson to correctly follow § 3621(b) and immediately transfer Petitioner to a RRC nearest his place of release.

DATED: this 25th. day of March, 2022.

/s/ R.

Randy Lee Stapleton, Pro Se

Federal Correctional Institution
P.O. BOX 800
Herlong., CA. 96113.

5.

(BOP) creditable "Exhibits" to transfer me to(RRC).
"O"

To Whom It May Concern,

Please be advised that FCI Herlong has been on lockdown off and on throughout the 2021-2022 fiscal years. Due to this, our ability to program has been limited, and the vast majority of our inmates who have been here during the lockdown have been unable to participate in regular educational and/or vocational activities.

Sincerely,

R. Ferrin

Teacher, Federal Correctional Institute Herlong, California

**FSA Recidivism Risk Assessment (PATTERN 01.02.01)**

Register Number: 77152-112, Last Name: STAPLETON

| U.S. DEPARTMENT OF JUSTICE | FEDERAL BUREAU OF PRISONS |
|---|---|

| | |
|---|---|
| Register Number: 77152-112 | Risk Level Inmate....: R-HI |
| Inmate Name | General Level.......: R-HI (52) |
| Last.........: STAPLETON | Violent Level......: R-MED (29) |
| First........: RANDY | Security Level Inmate: HIGH |
| Middle.......: LEE | Security Level Facl..: MEDIUM |
| Suffix.......: | Responsible Facility.: HER |
| Gender.........: MALE | Start Incarceration..: 08/05/2019 |

**PATTERN Worksheet Summary**

| Item | - Value | - General Score | - Violent Score | |
|---|---|---|---|---|
| Current Age | 44 | 14 | 8 | |
| Walsh w/Conviction | FALSE | 0 | 0 | |
| Violent Offense (PATTERN) | FALSE | 0 | 0 | |
| Criminal History Points | 49 | 40 | 20 | |
| History of Escapes | 3 | 6 | 3 | ← 23 years ago. |
| History of Violence | 3 | 3 | 3 | ← no violence |
| Education Score | EnrolledInGED | -2 | -1 | |
| Drug Program Status | CompletedNRDAP | -3 | -1 | |
| All Incident Reports (120 Months) | 0 | 0 | 0 | |
| Serious Incident Reports (120 Months) | 0 | 0 | 0 | |
| Time Since Last Incident Report | N/A | 0 | 0 | |
| Time Since Last Serious Incident Report | N/A | 0 | 0 | |
| FRP Refuse | FALSE | 0 | 0 | |
| Programs Completed | 8 | -6 | -3 | |
| Work Programs | 0 | 0 | 0 | |
| | Total | 52 | 29 | |

Due to me doing everything required of me by the (BOP) without ("Any Incident Reports") why is my Risk Level High, and has never changed - nor do I have "Any History of violence but I am being scored, and given points for violence by the BOP? But lets say this is "theoretically true"... as far as the high-level risk - recidivism. Then this would be "evident" as the (BOP's) memorandums behind this document says: (BOP); Our strategy is to focus on inmates who are at higher risk of recidivating and who have established a record of programming during incarceration, so that pre-release RRC placements will be as productive and successful as possible etc,. Please review. So, if I am as they claim (BOP) a high risk recidivism inmate i should or am "a prime candidate" that (BOP) are referring to focus on for RRC Placement as a mechanism to reduce my high recidivism. By their denial to transfer me to RRC Placement is Purposely nindirify my successful re-entry to be productive. But BOP is continuing to foster institutionalism, and not rehabilitate.

Assessment Date: 12/13/2021          (1)          Assessment# R-2147247729

Federal Bureau of Prisons

*Washington, DC 20534*

June 24, 2010

MEMORANDUM FOR CHIEF EXECUTIVE OFFICERS

FROM:          D. Scott Dodrill, Assistant Director
               Correctional Programs Division

SUBJECT:       Revised Guidance for Residential Reentry Center
               (RRC) Placements

This memorandum provides guidance to staff when making inmates'
pre-release Residential Reentry Center (RRC) placement decisions.
Assessment and decision-making practices are to focus on RRC
placement as a mechanism to reduce recidivism.  Recidivism
reduction results in cost efficiencies, less victimization, and
safer communities.

Our RRC resources are limited and must be focused on those
inmates most likely to benefit from them in terms of anticipated
recidivism reduction.  In other words, our decisions are to be
based on an assessment of the inmate's risk of recidivism and our
expectation that RRC placement will reduce that risk.  Our
strategy is to focus on inmates who are at higher risk of
recidivating and who have established a record of programming
during incarceration, so that pre-release RRC placements will be
as productive and successful as possible.

As Chief Executive Officers, you play a vital role in
implementing the Bureau of Prisons' (Bureau) reentry strategy,
including RRC utilization.  This guidance will assist you in
making RRC placement decisions.

**GENERAL CONCEPTS** – The following general concepts apply to all
RRC placement assessments and decision-making:

**Eligibility vs. Appropriateness** – When making RRC placement
determinations, it is critical that staff understand the
difference between eligibility and appropriateness.  All inmates
are statutorily eligible for up to 12 months pre-release RRC

–1–



U.S. Department of Justice

Federal Bureau of Prisons

_____

*Washington, D.C. 20534*

**MAY 24 2013**

MEMORANDUM FOR REGIONAL DIRECTORS
                WARDENS
                RESIDENTIAL REENTRY MANAGERS

FROM:           Blake R. Davis, Assistant Director
                Correctional Programs Division

SUBJECT:        Guidance for Home Confinement and Residential
                Reentry Center Placements

This memorandum is a compilation of previous guidance memoranda,
policy, and practices regarding home confinement and Residential
Reentry Center (RRC) placement decisions, as they relate to
current policy, practice, and changes which were necessitated by
the passage of the Second Chance Act of 2007.  The intent of
this memorandum is to reemphasize and clarify established
policies and practices to facilitate effective community
placements.

**I.    GUIDING PRINCIPLES FOR EFFECTIVE COMMUNITY PLACEMENTS**

The Bureau's RRC resources continue to be limited and must be
focused on those inmates with the greatest need and the highest
risk of recidivism. Program Statement 7310.04, <u>Community
Corrections Center Utilization and Transfer Procedures</u>, requires
that RRC placements be made based on assessments of inmate needs
for services, public safety, and the necessity of the Bureau to
manage its inmate population responsibly.  The Second Chance Act
emphasizes the requirement that all inmates are eligible for
pre-release RRC placement consideration and are to be assessed
on an individual basis.

offer assistance to a prisoner during such pre-release

custody."

18 U.S.C. § 3621(b) provides: ✶

"The Bureau of Prisons shall designate the place of the
prisoner's imprisonment. The Bureau may designate any available
penal or correctional facility . . . the Bureau determines to be
appropriate and suitable." A CCC meets the definition of a
"penal or correctional facility."

Therefore, the Bureau is not restricted by § 3624(c) in
designating a CCC for an inmate and may place an inmate in a CCC
for more than the "last ten per centum of the term," or more than
six months, if appropriate.

Section 3624(c), however, does restrict the Bureau in placing
inmates on home confinement to the last six months or 10% of the
sentence, whichever is less.

6.   PRETRIAL/HOLDOVER AND/OR DETAINEE INMATES.   This Program
Statement does not apply to pretrial, holdover, or detainee
inmates.

7.   COMMUNITY-BASED PROGRAMS

a.   Community Corrections Centers (CCC).   CCCs, commonly
referred to as "halfway houses," provide suitable residence,
structured programs, job placement, and counseling, while the
inmates' activities are closely monitored.   All CCCs offer drug
testing and counseling for alcohol and drug-related problems.
During their stay, inmates are required to pay a subsistence
charge to help defray the cost of their confinement; this charge
is 25% of their gross income, not to exceed the average daily
cost of their CCC placements.   Failure to make subsistence
payments may result in disciplinary action.

These contract facilities, located throughout the United
States, provide two program components:   the Community
Corrections Component and the Prerelease Component:

(1)   The Community Corrections Component is designed as the
most restrictive option.   Except for employment and other
structured program activities, an inmate in this component is

restricted to the CCC.   An inmate shall ordinarily be placed in

© 2021 Matthew Bender & Company, Inc., a member of the LexisNexis Group  All rights reserved. Use of this product is subject to the restrictions
and terms and conditions of the Matthew Bender Master Agreement.

Issued
7/15/21
to

Rec'd
7/16/21

HER 1330.16 A
AUGUST 15, 2011
ATTACHMENT A

## INFORMAL RESOLUTION

An inmate with a valid complaint should complete the first three
sections below and submit the form to his/her respective
Correctional Counselor.

1.  <u>Randy Lee Stapleton</u>          <u>77152-112</u>
    INMATE NAME                          REGISTER NUMBER
    <u>Tahoe "B"</u>                      <u>7/19/2021</u>
    UNIT                                  DATE

2. Nature of complaint (briefly state your problem):
Due to my impeccable, clear, conduct there, from d/confinement as
the whole 33 months in (BOP) custody, I, inmate, (Stapleton) am request-
ing (BOP/Warden) to immediately, consider, transferring me to a (RRC) pur-
suant to 18 U.S.C.S. §3621(b) and without reference to certain BOP pol-
icies that I assert contradict the plain language and intent of §3621(b).

3. Inmate's efforts to resolve problem (includes contact with staff,
Inmate Requests to Staff Member submissions, etc.):
I was told by staff once I have 19 months left I will be
considered, which contradicts the exercise of discretion that must be
based at least in part on the specific factors outlined in §3621(b), and
the BOP regulations, set forth in 28-570.20 and 570.21 simply ignore
these factors.

4. Steps taken /advice given to inmate regarding complaint:
You will be assessed at your next team per policy. Once
you have completed the RDAP program factors then will be set
forth.

5. Informal Resolution WAS / WAS NOT accomplished (Circle One)

_____          _____
Correctional Counselor           Unit Manager

   7/19/21                           7/21/2021
Date                             Date

COPY

STAPLETON, R.

77152 - 112

TO2 - 511L

**U.S. DEPARTMENT OF JUSTICE**
Federal Bureau of Prisons

Rec 7/29/21

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball–point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: Stapleton, Randy, L.    7-7152-112    Tahoe "B"    FCI Herlong
   LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A– INMATE REQUEST** Due to "there is...no basis in section 3621(b) for distinguishing between residential community facilities and secure facilities. Moreover, the subsequent deletion of the definition of facility' further undermines the argument that Congress intended to distinguish between residential community facilities and other kinds of facilities. Through the Second Chance Act of 2007 (Pub. L. No. 110-199, 122 Stat. 657 (2008), Congress restored and expanded historic norms. The act also restores the use of a halfway house for the service of an inmate's entire sentence. So, my request is to be considered immediately for (RRC) and/or home confinement in referance to my impeccable clear conduct from disciplinary for my whole 33 months in the BOP, and my charge, and/or criminal history is non violent.

7/23/2021
   DATE                                    SIGNATURE OF REQUESTER

**Part B– RESPONSE**

COPY

_____                         _____
   DATE                                    WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

**ORIGINAL: RETURN TO INMATE**                  CASE NUMBER: 1089948-F1

                                                CASE NUMBER: _____

**Part C– RECEIPT**
Return to: _____
   LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

U.S. Department of Justice                    Federal Bureau of Prisons
F.C.I. Herlong, California          Request for Administrative Remedy
                                                     Part B – Response

Administrative Remedy Number: 1089948-F1

This is in response to your Request for Administrative Remedy dated
July 23, 2021, wherein you contend you are entitled to serve your
entire sentence at a halfway house under the Second Chance Act.  As
relief, you request to be considered for immediate release to an RRC
and/or home confinement.

An investigation into this matter revealed your Unit Team reviewed you
for Residential Re-entry Center (RRC) placement and made their
decision on an individual basis, using the following criteria: The
resources of the facility contemplated; the nature and circumstances
of the offense, the history and characteristics of the prisoner, any
statement of the court that imposed the sentence (a) concerning the
purposes for which the sentence to imprisonment was determined to be
warranted or (b) recommending a type of penal or correctional facility
as appropriate; and any pertinent policy statement issued by the U.S.
Sentencing Commission.

Additionally, Unit Team considered your need for services and
potential risks to public safety in accordance with P7310.04,
Community Corrections Center Utilization and Transfer Procedure.  Your
Unit Team's recommendation which is of sufficient duration to provide
the greatest likelihood of successful reintegration into the
community.

You are currently not eligible for RRC Placement.

You are encouraged to address your reentry needs during your next
scheduled Program Review.

In view of the above, this response is for informational purposes.

If you are dissatisfied with the above findings, you may submit a
Regional Appeal via Form BP-230(13), to the Regional Director, Federal
Bureau of Prisons, Western Regional Office, 7338 Shoreline Drive,
Stockton, California 95219, within 20 calendar days from the date of
this response.


_____          _____
Paul Thompson, Warden                     Date

EXTENSION OF TIME FOR RESPONSE - ADMINISTRATIVE REMEDY

DATE: AUGUST 30, 2021

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      HERLONG FCI

TO  : RANDY LEE STAPLETON, 77152-112
      HERLONG FCI    UNT: TAHOE B    QTR: T02-511L

ADDITIONAL TIME IS NEEDED TO RESPOND TO THE ADMINISTRATIVE REMEDY REQUEST
IDENTIFIED BELOW.  WE ARE EXTENDING THE TIME FOR RESPONSE AS PROVIDED
FOR IN THE ADMINISTRATIVE REMEDY PROGRAM STATEMENT.

REMEDY ID      : 1089948-F1
DATE RECEIVED  : AUGUST 4, 2021
RESPONSE DUE   : SEPTEMBER 13, 2021
SUBJECT 1      : RESIDENTIAL REENTRY CENTER REFERRALS
SUBJECT 2      :

"Exhibit 3"
NO Response"

RECEIPT - ADMINISTRATIVE REMEDY

DATE: JANUARY 25, 2022

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      WESTERN REGIONAL OFFICE

TO  : RANDY LEE STAPLETON, 77152-112
      HERLONG FCI     UNT: TAHOE B     QTR: T02-511L

THIS ACKNOWLEDGES THE RECEIPT OF THE REGIONAL APPEAL
IDENTIFIED BELOW:

REMEDY ID      : 1089948-R2
DATE RECEIVED  : JANUARY 11, 2022
RESPONSE DUE   : FEBRUARY 10, 2022
SUBJECT 1      : RESIDENTIAL REENTRY CENTER REFERRALS
SUBJECT 2      :

*References for "Exhibits ~~1 to 2~~ 2 &3"*

```
   HERA2           *ADMINISTRATIVE REMEDY GENERALIZED RETRIEVAL *      03-08-2022
   PAGE 014        *                FULL SCREEN FORMAT            *      14:40:09


   REGNO: 77152-112 NAME: STAPLETON, RANDY
   RSP OF...: HER UNT/LOC/DST: TAHOE B                QTR.: T02-511L   RCV OFC: HER
   REMEDY ID: 1089948-F1      SUB1: 19FM SUB2:     DATE RCV:   08-04-2021
   UNT  RCV..:TAHOE B        QTR RCV.: T02-511L    FACL RCV: HER
   UNT  ORG..:TAHOE B        QTR ORG.: T02-511L    FACL ORG: HER
   EVT FACL.: HER    ACC LEV:  HER  1 WXR  2           RESP DUE:  MON 09-13-2021
   ABSTRACT.: IMMEDIATE RRC OR HC DUE TO CLEAR CONDUCT
   STATUS DT: 09-07-2021  STATUS CODE: CLO STATUS REASON: XPL
   INCRPTNO.:          RCT: P EXT: P DATE ENTD: 08-04-2021
   REMARKS..:




                    CURRENT INVESTIGATIVE AND RELIEF TRACKING DATA
   DATE DUE            DEPARTMENT   TO    DATE ASSN    TRK TYPE    DATE RETURNED
   WED 08-11-2021      UNT MGT      ES    08-04-2021    INV        09-07-2021




   G0002       MORE PAGES TO FOLLOW . . .
```

```
   HERA2           *ADMINISTRATIVE REMEDY GENERALIZED RETRIEVAL *        03-08-2022
 PAGE 016            *                FULL SCREEN FORMAT               *     14:40:09


 REGNO: 77152-112 NAME: STAPLETON, RANDY
 RSP OF...: HER UNT/LOC/DST: TAHOE B              QTR.: T02-511L    RCV OFC: WXR
 REMEDY ID: 1089948-R1       SUB1: 19FM SUB2:     DATE RCV:    09-12-2021
 UNT   RCV..:TAHOE B        QTR RCV.: T02-511L    FACL RCV: HER
 UNT   ORG..:TAHOE B        QTR ORG.: T02-511L    FACL ORG: HER
 EVT FACL.: HER     ACC LEV:  HER  1 WXR  2            RESP DUE:
 ABSTRACT.: IMMEDIATE RRC OR HC DUE TO CLEAR CONDUCT
 STATUS DT: 09-12-2021   STATUS CODE: REJ STATUS REASON: IRQ
 INCRPTNO.:            RCT:   EXT:    DATE ENTD: 09-12-2021
 REMARKS..:
```

*[handwritten annotation:]* Did not provide a copy of your B.P.9. or Warden's Response.

```
 G0002        MORE PAGES TO FOLLOW . . .
```

```
  HERA2        *ADMINISTRATIVE REMEDY GENERALIZED RETRIEVAL *      03-08-2022
PAGE 020        *                FULL SCREEN FORMAT            *      14:40:09


REGNO: 77152-112 NAME: STAPLETON, RANDY
RSP OF...: HER UNT/LOC/DST: TAHOE B               QTR.: T02-511L   RCV OFC: WXR
REMEDY ID: 1089948-R2      SUB1: 19FM SUB2:       DATE RCV:   01-11-2022
UNT  RCV..:TAHOE B        QTR RCV.: T02-511L      FACL RCV: HER
UNT  ORG..:TAHOE B        QTR ORG.: T02-511L      FACL ORG: HER
EVT FACL.: HER    ACC LEV:  HER  1 WXR  2           RESP DUE:  THU  02-10-2022
ABSTRACT.: IMMEDIATE RRC OR HC DUE TO CLEAR CONDUCT
STATUS DT: 02-07-2022   STATUS CODE: CLO STATUS REASON: XPL
INCRPTNO.:               RCT: P EXT:   DATE ENTD: 01-11-2022
REMARKS..: APPEAL IS TIMELY
```

Information or Explanation only.

```
G0002       MORE PAGES TO FOLLOW . . .
```

TRULINCS  77152112 - STAPLETON, RANDY LEE - Unit: HER-T-B

--------------------------------------------------------------------------------------------------------

FROM: 77152112
TO: Tahoe Unit Team
SUBJECT: ***Request to Staff*** STAPLETON, RANDY, Reg# 77152112, HER-T-B
DATE: 11/25/2021 01:00:14 PM

To: Mr. Wilson
Inmate Work Assignment: RDAP

According to a recent memorandum for regional directions, wardens, and residential reentry managers (pursuant to memorandum published on May, 24th 2013), from Blake R. Davis, Assistant Director for the Correctional Programs Division regarding the Guidance for Home Confinement and Residential Reentry Center Placements...

"I. Guiding Principles for Effective Community Placements

The Bureau's RRC resources continue to be limited and must be focused on those inmates with the greatest need and the ("highest risk of recidivism"). Program Statement 7310.04, Community Corrections Center Utilization and Transfer Procedures, requires that RRC placements be made based on assessments of inmate needs for services, public safety, and the necessity of the Bureau to manage its inmate population responsibly. The Second Chance Act emphasizes the requirement that all inmates are eligible for pre-release RRC placement consideration and are to be assessed on an individual basic." So, My Point is Due to having a "High Recidivism" the (RRC/Home Confinement) is For Prisoners Like MySelf due also to Their Structured Enviorments. Mr.Wilson,i am Requesting To be Transferred To (RRC/Home Confinemet) due to 3621 B.There is No Limit on How Long A Federal Prisoner Can Be Placed In A Halfway House Under 18 U.S.C.3621(b),because they are Considered a "Penal or Correctional Facility" Within the Meaning of 18 U.S.C.3621(b). Also The BOP Recognizes this Authority.In a Novermber 14,2008,memorandum entitled "Inmates Requests For Transfer To Residential Reentry Centers," BOP's Former General Counsel,Kathleen Kenney, wrote that:" Inmates are Legally eligible to be placed in an RRC at any time during their Prison Sentence. Federal Courts have made Clear that RRC's Are Penal or Correctional institutions within the meaning of applicable Stautes. Staff Cannot,therefore,Automatically Deny an inmate's request for RRC transfer. In other words,staff "Cannot" say that an inmate,Whatever the Circumstances,"is Automatically ineligible for transfer to RRC. But i have been Denied!! MR. STAPLETON

TRULINCS  77152112 - STAPLETON, RANDY LEE - Unit: HER-T-B

--------------------------------------------------------------------------------------------------

FROM: 77152112
TO: Tahoe Unit Team
SUBJECT: Re: Re: ***Request to Staff*** STAPLETON, RANDY, Reg# 77152112, HER-T-B
DATE: 11/28/2021 03:05:35 PM

Goodafternoon, Thank You,and Yes! I have Started The Process,Your Right "Any Time" Due to the Fact that (RRC/Home
Confinement),Are Penal,and Still Considered Correctional Facilities,and they Meet Minimum standards of Health,and
habitability,and are Still Considered Custody Of The (BOP)...just Like Being On Home Confinement i Will Still be in the Custody
Of The (BOP).I have More then Half My Sentence Complete,and Have Received No Negative Write ups,and being Programing
the Whole time of My incarceration,and i have an Home Confinement Eligiblity Release date thats Less then 2years away,and I
Have "NO Violent Criminal History" at ALL!!! So, with All due respect if Your Not Willing to Place Me For (RRC/Home
Confinement) at this time as i am Respectfully Requesting then Your Denying Me (RRC/Home Confinement) Placement that
Violates The Congress's Plain intent Of 18 U.S.C. 3621(b),that says "At Any Time" During My Sentence i Am Eligible For
(RRC/Home Confinement) Placement...and,there in Nothing ANYWHERE in the Statue that States "Prior to 17 to 19 months
before My Release date. So, Since Your Not Willing to Place Me Now.. I Am Taking this as a Denail. Thank You!! have a Great
day! MR. RANDY LEE STAPLETON,77152-112.
-----Tahoe Unit Team on 11/28/2021 1:42 PM wrote:

>
18 USC 3621:

(b) PLACE OF IMPRISONMENT.—The Bureau of Prisons shall designate the
place of the prisoner's imprisonment. The Bureau may designate any
available penal or correctional facility that meets minimum standards of
health and habitability established by the Bureau, whether maintained by
the Federal Government or otherwise and whether within or without the
judicial district in which the person was convicted, that the Bureau
determines to be appropriate and suitable, considering—
    (1) the resources of the facility contemplated;
    (2) the nature and circumstances of the offense;
    (3) the history and characteristics of the prisoner;
    (4) any statement by the court that imposed the sentence—
       (A) concerning the purposes for which the sentence to
imprisonment was determined to be warranted; or
       (B) recommending a type of penal or correctional
facility as appropriate; and
    (5) any pertinent policy statement issued by the Sentencing
Commission pursuant to section 994(a)(2) of title 28.
In designating the place of imprisonment or making transfers under this
subsection, there shall be no favoritism given to prisoners of high
social or economic status. The Bureau may at any time, having regard for
the same matters, direct the transfer of a prisoner from one penal or
correctional facility to another. The Bureau shall make available
appropriate substance abuse treatment for each prisoner the Bureau
determines has a treatable condition of substance addiction or abuse.
Any order, recommendation, or request by a sentencing court that a
convicted person serve a term of imprisonment in a community corrections
facility shall have no binding effect on the authority of the Bureau
under this section to determine or change the place of imprisonment of
that person.


So in following that we are again not referring you to the RRC until
appropriate by BOP policy.  If you disagree with this statement then
please begin your administrative remedies.

-Wilson, CSW

>>> ~^!"STAPLETON, ~^!RANDY LEE" <77152112@inmatemessage.com>

*[Handwritten annotation:]* Read this "it's about the halfway house/home confinement."

*[Handwritten annotation:]* Exhibit "o"

---

Rodriguez v. Smith, 541 F.3d 1180 (2008)

KeyCite Yellow Flag - Negative Treatment
Designed With by McElhaney v. Malatesy, N.D.Tex. October 23, 2008
541 F.3d 1180
United States Court of Appeals,
Ninth Circuit.

Jose RODRIGUEZ, Petitioner–Appellee,
v.
Dennis SMITH, Warden,
Respondent–Appellant.
No. 07–16014.

Argued and Submitted March 11, 2008.
Filed Sept. 4, 2008.

Synopsis

Background: Federal prison inmate brought habeas corpus petition to compel Bureau of Prisons (BOP) to immediately consider transferring him to residential reentry center (RRC). The United States District Court for the Eastern District of California, 2007 WL 1101474, Lawrence J. O'Neill, J., granted petition, and government appealed.

[Holding:] The Court of Appeals, Rawlinson, Circuit Judge, held that statute governing BOP's prisoner placement did not authorize regulations restricting placement in RRCs.

Affirmed.

Rymer, Circuit Judge, filed dissenting opinion.

West Headnotes (3)

[1]   Criminal Law—Review De Novo
110 Criminal Law
110XXIV Review
110XXIV(L) Scope of Review in General
110XXIV(L)13 Review De Novo
110k1139 In general

Federal appellate court reviews questions of statutory interpretation de novo.

4 Cases that cite this headnote

[2]   Administrative Law and Procedure—Prisons and prisoners; parole and detention
Prisons—Regulation, general detention and supervision in general; role of courts

15A Administrative Law and Procedure
15AIV Administrative Construction of Statutes
15AIV(B) Particular Statutes and Contexts
15Ak2207 Criminal Justice
15Ak2216 Prisons and prisoners; pretrial detention
(Formerly 15Ak418(6), 361k219(6.1))

310 Prisons
310I Prisoners and Inmates
310I(H) Place or Mode of Confinement
310k219 Regulation and supervision in general; role of courts
(Formerly 361k219(6.1))

Bureau of Prisons' (BOP) interpretation of statute governing designation of place of imprisonment was entitled to Chevron deference, since BOP administered statute. 18 U.S.C.A. § 3621(b)

75 Cases that cite this headnote

[3]   Prisons—Conditional release; community placement

310 Prisons
310I Prisoners and Inmates
310I(H) Duration of Confinement
310k268 Conditional release; community placement
(Formerly 310k13.3)

Statute governing Bureau of Prisons' (BOP) designation of place of imprisonment did not authorize BOP regulations restricting prisoners' placement in residential reentry centers (RRCs), i.e. halfway houses, to lesser of last 10% or last six months of inmates' sentences; regulations violated statute's clear instruction that all placement and transfer determinations take into consideration each of five enumerated factors. 18 U.S.C.A § 3621(b); 28 C.F.R. §§ 570.20, 570.21

178 Cases that cite this headnote

West Codenotes

Held Invalid
28 C.F.R. §§ 570.20, 570.21

Attorneys and Law Firms

*1181 McGregor W. Scott, Thomas E. Flynn, Sacramento, CA, (briefed), and Phillip A. Talbert, Sacramento, CA, (argued), for respondent–appellant Dennis Smith.

Stephen R. Sady, Lynn Deffebach, Portland, OR, for petitioner–appellee Jose Rodriguez.

---

Rodriguez v. Smith, 541 F.3d 1180 (2008)

Appeal from the United States District Court for the Eastern District of California; Lawrence J. O'Neill, District Judge, Presiding. D.C. No. CV-07-00190-LJO/DLB

Before: PROCTER HUG, JR., PAMELA ANN RYMER, and JOHNNIE B. RAWLINSON, Circuit Judges.

Opinion

Opinion by Judge RAWLINSON; Dissent by Judge RYMER.

RAWLINSON, Circuit Judge:

Petitioner–Appellee Jose Rodriguez (Rodriguez) filed a petition for writ of habeas corpus seeking an order directing the Bureau of Prisons (BOP) to immediately consider transferring Rodriguez to a Residential Re-entry Center (RRC) (formerly known as a halfway house). Respondent–Appellant Warden Dennis Smith (Smith) appeals the district court's order. We conclude that the BOP's categorical exercise of discretion as promulgated in 28 C.F.R §§ 570.20 and 570.21 violates Congress's intention regarding the statutory inmate placement and transfer considerations the BOP must undertake, and we affirm the district court's decision.

[1]   Although the parties both agree that RRCs were formerly referred to as halfway houses, Community Corrections Centers (CCCs) and are commonly known as "halfway houses," Smith refers to them as RRCs and Rodriguez uses the term CCC. This opinion will use the term RRC throughout.

I. FACTS AND PROCEDURAL HISTORY

A. Factual Background

Rodriguez pled guilty to charges of conspiracy to distribute methamphetamine and money laundering, and, in April, 2001, was sentenced to 195 months in a federal prison. His projected release date is November 11, 2013.

When Rodriguez was advised that he would not be eligible for consideration for RRC placement until 11–13 months, immediately preceding his projected release date, he filed a petition for a writ of habeas corpus challenging the BOP regulations that prevented him from being immediately considered for RRC placement. The petition asserted that the BOP's policy directly conflicts with 18 U.S.C. § 3621(b)

Having served "over 60 percent" of his sentence, Rodriguez argued that he was eligible for consideration for a less restrictive placement.

The magistrate judge recommended that the district court grant the petition, stating: *1182 "[A]lthough the BOP has discretion to refuse to place an inmate in a correctional facility, the exercise of discretion must be based at least in part on the specific factors outlined in § 3621(b), and the BOP regulations set forth in §§ 570.20 and 570.21 simply ignore those factors. As such, the regulations contradict, rather than interpret, § 3621(b), and no deference is owed." The magistrate judge also recommended that Smith "be [ordered] to consider the appropriateness of transferring [Rodriguez] to an RRC in light of the factors set forth in § 3621(b), not excluding any other factors deemed appropriate by the BOP, without reference to the challenged BOP policy ..."

The district court adopted the Findings and Recommendation and granted the petition. Smith filed a timely notice of appeal.

B. Statutory and Regulatory Background

Under 18 U.S.C. § 3621(b), the BOP has authority to designate the place of an inmate's imprisonment. Prior to December 13, 2002, the BOP exercised its discretion to allow a prisoner to serve all or part of his imprisonment in an RRC. See 69 Fed.Reg. 51213 (Aug. 18, 2004). This practice came to an end following the issuance of a legal opinion by the Office of Legal Counsel (OLC) of the Department of Justice advising the BOP that it did not authorize the BOP to place an inmate in an RRC for the entire term of his sentence, because community confinement did not constitute imprisonment. The OLC relied on 18 U.S.C. § 3624(c) and the OLC's understanding that this section allowed placement in community confinement only during the last ten percent of the prison sentence being served. Id.

**Section 3621(b) provides:**

(b) Place of imprisonment.—The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering—

(1) the resources of the facility contemplated;

(2) the nature and circumstances of the offense;

(3) the history and characteristics of the prisoner;

(4) any statement by the court that imposed the sentence—

(A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or

(B) recommending a type of penal or correctional facility as appropriate; and

(5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

In designating the place of imprisonment or making transfers under this subsection, there shall be no favoritism given to prisoners of high social or economic status. The Bureau may at any time, having regard for the same matters, direct the transfer of a prisoner from one penal or correctional facility to another. The Bureau shall make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse.

18 U.S.C. § 3621(b).

Accordingly, effective December 20, 2002, the BOP changed its procedure to limit the time during which an inmate was eligible for placement in an RRC to the final ten percent of his sentence, or six months, whichever was shorter. Id. However, both the First and the Eighth Circuits invalidated this policy because it failed to recognize the "§ 183 BOP's discretion as provided for in § 3621." *Rodriguez v. Smith,* 382 F.3d 893, § 899 (8th Cir. 2004); see also *Elwood v. Jeter,* 386 F.3d 842, 847 (8th Cir. 2004).

inmate's sentence, the BOP recognized that it generally has discretion under § 3621(b) to place an inmate in an RRC at any time. See 69 Fed.Reg. 51213. However, the BOP elected to "exercise its discretion categorically to limit inmates' community confinement to the last ten percent of the prison sentence being served, not to exceed six months." Id.

The final rules were published as 28 C.F.R. §§ 570.20, 570.21 on January 10, 2005, see 70 F.R. 1659, 2005 WL 14181, and became effective on February 14, 2005. Id.

**Section 570.20 provides:**
§ 570.20 What is the purpose of this subpart?
(a) This subpart provides the Bureau of Prisons' (Bureau) categorical exercise of discretion for designating inmates to community confinement. The Bureau designates inmates to community confinement only as part of the pre-release custody and programming which will afford the prisoner a reasonable opportunity to adjust to and prepare for re-entry into the community.

28 C.F.R. § 570.20.

(b) As discussed in this subpart, the term "community confinement" includes Community Corrections Centers (CCC) (also known as "halfway houses") and home confinement.

**Section 570.21 provides:**
§ 570.21 When will the Bureau designate inmates to community confinement?

(a) The Bureau will designate inmates to community confinement only as part of pre-release custody and programming, during the last ten percent of the prison sentence being served, not to exceed six months.

(b) We may exceed these time-frames only when specific Bureau programs allow greater periods of community confinement, as provided by separate statutory authority (for example, residential substance abuse treatment program (18 U.S.C. 3621(e)(2)(A)) or shock incarceration program (18 U.S.C. 4046(c))).

28 C.F.R. § 570.21.

C. Other Circuit Court Decisions

Although this case raises an issue of first impression in this Circuit, as discussed below, five other circuits have directly addressed the matter. See *Muniz v. Sabol,* 517 F.3d 29 (1st Cir. 2008); *Levine v. Apker,* 455 F.3d 71, § 87 (2d Cir. 2006); *Woodall v. Fed. Bureau of Prisons,* 432 F.3d 235, 244 (3d Cir. 2005); *Fults v. Sanders,* 442 F.3d 1088, 1091 (8th Cir. 2005); and *Wedelstedt v. Wiley,* 477 F.3d 1160, 1161 (10th Cir. 2007). The Second, Third, Eighth and Tenth Circuits

---

**Rodriguez v. Smith, 541 F.3d 1180 (2008)**

have each concluded that Congress's intent regarding inmate placement and transfer is clear from the plain language of 18 U.S.C. § 3621(b), and the BOP regulations establishing a categorical temporal limitation on eligibility for RRC placement contravene the plain meaning of the statute. Only the First Circuit has upheld the BOP regulations as an appropriate exercise of the BOP's discretion.

**II. STANDARD OF REVIEW**

[1] [2] We review questions of statutory interpretation de novo. *United States v. Horvath,* 492 F.3d 1075, 1077 (9th Cir. 2007). Because this case concerns the construction of a statute that the BOP administers, our analysis is governed by *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 . . . . *Hawaii v. Office,* 419 F.3d 991

**III. DISCUSSION**

A. The BOP Regulations Violate the Clear and Unambiguous Congressional Intent Expressed in § 3621(b)

Employing the *Chevron* analysis, we must first determine whether Congress's intention regarding the BOP's discretion to transfer a prisoner to an RRC flows directly from the text of 18 U.S.C. § 3621(b). If the statute is clear, we then decide whether the BOP's regulation violates that clearly expressed intent. *Chevron,* 467 U.S. – 842–43, 104 S.Ct. 2778.

---

**Rodriguez v. Smith, 541 F.3d 1180 (2008)**

570.21)

However, the plain language of both §§ 3621(b) and 3624(c) make clear that that argument must fail. Section 3621(b) provides in part that "[t]he Bureau of Prisons may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise . . . . The Bureau may at any time . . . direct the transfer of a prisoner from one penal or correctional facility to another." 18 U.S.C. § 3621(b)(emphasis added).

Section 3624(c) provides: "The Bureau of Prisons shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last 10 per centum of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community." 18 U.S.C. § 3624(c).

Section 3624(c) was amended effective April 9, 2008, shortly prior to the filing of the BOP's answer. The last ten percent of the statute provides that "q" the last ten percent of the prisoner's sentence, the BOP shall, to the extent practicable, during the final months of the prisoner's term. The statutory amendment does not affect this case.

Contrary to Smith's argument that § 3624(c) limits placement in RRCs to the last ten percent of the sentence being served, the statute provides that "q" the last ten percent of the prisoner's sentence, the BOP shall, to the extent practicable, allow a prisoner to spend up to six months of that time in an institution such as an RRC. *See id.* (emphasis added). Thus, to consider placing an inmate in community confinement during the pre-release alternative toward the end of the inmate's prison term, it does not interfere with the BOP's discretionary authority to consider such placement prior to the last ten percent of the prison term.

As noted, a majority of the other circuit courts that have considered this issue have concluded that the plain interpretation of § 3624(c) is misplaced. *See Woodall,* 432 F.3d at 1166 ("Although § 3624(c) surely imposes an affirmative obligation on the BOP, whenever practicable, to place prisoners in conditions of confinement resembling those of the CCC before the expiration of their sentence, § 3624(c) may be considered as a place of imprisonment at some earlier point in a prisoner's period of incarceration."). (citations omitted); see also *Woodall,* 432 F.3d at 250; *Goldings,* 383 F.3d at 24; *Elwood,* 386 F.3d at 846–47.

5

*Rodriguez v. Smith*, 541 F.3d 1180 (2008)

6

## (Page 6 column)

however, is that the rules of general applicability promulgated by the BOP categorically exclude inmates from RRC eligibility without considering the mandatory factors articulated in § 3621(b). Although, as the First Circuit recognized, other factors may be considered, § 3621 and the accompanying legislative history embody unambiguous Congressional intent that the five factors not be ignored. *See* 18 U.S.C. § 3621(b); *see also* S.Rep. No. 98–225, *reprinted in* 1984 U.S.C.C.A.N. 3182, 3324–25("In determining the available or suitability of the facility selected, the Bureau is *specifically required* to consider such factors as the resources of the facility considered, the nature and circumstances of the offense, the history and characteristics of the prisoner, the statements made by the sentencing court concerning the purposes for imprisonment in a particular case, any recommendations as to type of facility made by the court, and any pertinent policy statements issued by the sentencing commission ... *After considering these factors*, the Bureau of Prisons may designate the place of imprisonment in an appropriate penal facility, or may transfer the offender to another appropriate facility.")(footnote reference omitted).

Because the BOP regulations categorically exclude CCC placement of inmates with more than ten percent of their sentences remaining, they necessarily fail to apply the mandatory factors listed in § 3621(b) to those inmates. This failure to consider the five statutory factors when considering eligibility for placement in or transfer to an RRC violates Congress's clear intent that each of these factors be applied in making inmate transfer or placement determinations to "any available penal or correctional facility." 18 U.S.C. § 3621(b)(emphasis added).

The *Mertz* opinion "emphasize[d] that were the regulations to leave little or no room for the opportunity of the individualized assessment required by Congress, we would expect that as contrary to intent of the statute." 517 F.3d at 39 n. 1. However, that is precisely what the categorical BOP regulations accomplished—they left "no room for the operation of the individualized" § 1188 assessment" expressly mandated in § 3621(b). *Id.* We cannot agree with the First Circuit that the categorical failure to comply with the unambiguously stated Congressional intent can be rationalized away. Rather, we agree with the Second, Third, Eighth and Tenth Circuits' conclusions that the BOP regulations cannot be reconciled with the unambiguous, congressional intent expressed in § 3621(b). *See Wedelstedt*, 477 F.3d at 1162; *Levine*, 455 F.3d at 97; *Fults*, 442 F.3d at 1091; *Woodall*, 432 F.3d at 249. Accordingly, the regulations are invalid under *Chevron*.

**B. The Supreme Court's Ruling in *Lopez* Does Not Support the BOP's Categorical Exercise of Discretion.**

### The Tenth Circuit explained that:

The statutory command in § 3621(b) stands alone as a clear and unambiguous articulation of congressional intent regarding the process by which the BOP should make placement and transfer determinations. Although § 3624(c) surely imposes an affirmative obligation on the BOP, whenever practicable, to place an inmate in a CCC or other form of community confinement as the inmate's release date nears, § 3624(c) has no bearing on whether a CCC may be considered as a place of imprisonment at some earlier point in a prisoner's period of incarceration.

*Id.* at 1166 (citations omitted) *see also Levine*, 455 F.3d at 92 ("[T]he combined import of the statutes was to give the BOP discretion to transfer an inmate to a CCC for a period longer than six months or ten percent of his sentence, but so oblige the BOP, where practicable, to transfer inmates to a CCC for a community confinement as the last ten months of his sentence.")(citations omitted).

The Second Circuit is in accord. *See Wedelstedt*, 455 F.3d at 92 (noting that § 3621(b) authorizes the BOP to "place a prisoner where it wishes so long as it considers the factors enumerated ...")(citations and emphasis omitted); *see also Woodall*, 432 F.3d at 245; *Fults*, 442 F.3d at 1092.

*1187 We are persuaded that the BOP regulations conflict with the provisions of § 3621(b). As the Third Circuit decision explained: "while the Bureau may retain some discretion, it must do so using the factors the Congress has specifically enumerated." *Woodall*, 432 F.3d at 247. We agree with the Third Circuit that an "unavoidable conflict" exists because the statute requires the BOP to consider five factors in determining CCC placement, while the regulation precludes that very consideration. *Id.* (see also *Levine*, 455 F.3d at 249. We also join the Third Circuit in its conclusion that the regulational construction is not "permissible ... because they fail to take into account Congress's indications that certain individualized factors ... should be considered. ." *Id.* (citation omitted); *see also Levine*, 455 F.3d at 96 ("Categorical rulemaking, which did not involve consideration of the five factors, was not within the BOP's power to withhold the unambiguous Congressional instruction ...").

In *Mertz*, the First Circuit concluded that the five factors listed in § 3621(b) were not exclusive. *Mertz*, 517 F.3d at 35. The First Circuit added that, in its view, "[n]othing in this passage requires consideration of the five factors where a facility or type of facility that is ruled out. Nor is that a clear expression of intent to withhold the authority to make rules of general applicability." *Id.* at 38 (emphasis in original). We agree with the First Circuit that the statute contains no specific prohibition on rules of general applicability. The problem,

## (Page 5 columns)

In support of his position that § 3624(c) limits inmate placement in RRCs, Smith invokes our decision in *United States v. Latimer*, 991 F.2d 1509, 1514–15 (9th Cir.1993). He cites the proposition that "[n]othing in § 3621(b) requires the BOP to recognize an RRC as an acceptable substitute for a term of imprisonment and [we] would be going against the *Latimer* ruling if [we] were to hold that RRCs were generally intended, or even permissible, places for serving a sentence of imprisonment." In *Latimer*, we held that based on the differentiation of detention in a community treatment center and supervised release in various sections of the United States Sentencing Guidelines, the defendant's confinement in a community treatment center did not constitute imprisonment for purposes of calculating his criminal history score under U.S.S.G. § 4A1.2(e)(1). *Latimer*, 991 F.2d at 1514. In reaching this conclusion, we noted that the Commission had not "clearly said whether confinement in a community treatment center qualifies as imprisonment," and relied upon the role of family in residential treatment ... Guidelines, noting that the question would determine whether the defendant would be required to spend "an additional 15 years of his life behind bars." *Id.*

More recently, we ruled that placement in Pre-Release Center did not constitute imprisonment under 18 U.S.C. § 3624(c), and therefore did not toll the defendant's supervisory release period. *United States v. Sullivan*, 504 F.3d 969, 972 (9th Cir.2007); *see also Reno v. Koray*, 515 U.S. 50, 64–65, 115 S.Ct. 2021, 132 L.Ed.2d 46 (1995)(holding that time spent by prisoner at a community treatment center while "released on bail" was not "official detention") (internal quotation marks omitted). However, in *Latimer* and *Sullivan*, we were not required to interpret the meaning of § 3624(b), nor to calculate the defendant's criminal history score, *see* 991 F.2d at 1514, and in *Sullivan*, to 18 U.S.C. § 3624(c) in determining whether the supervised release period was warranted. Thus, these cases offer no assistance to Smith for two reasons. First, as discussed above, the statutory provisions in this case are unambiguous. Second, even if the provisions were ambiguous, the rule of lenity would dictate an interpretation favoring against placement in a RRC.

In any event, the BOP itself has acknowledged that § 3624(b) grants it the authority to "place offenders in community correctional centers." *See* 28 C.F.R. § 570.20. Indeed, the directive to place inmates into RRCs is the basis for the very BOP regulations Smith seeks to have upheld in this case. *See Latimer*, 991 F.2d at 913. Thus, the question of whether confinement in an RRC constitutes imprisonment does not resolve the issue we must resolve.

---

Section 3621(b) specifically provides that the BOP has discretion to place an inmate into "any available penal or correctional facility" and to "direct the transfer of an inmate from one penal or correctional facility to another" "at any time." 18 U.S.C. § 3621(b). In contrast, the plain language of § 3624(c) addresses the separate and unrelated authority and obligation to place inmates into RRCs during the last ten percent of their sentences. Thus, we agree with the Tenth Circuit's conclusion *1186 in *Wedelstedt* that " § 3624(c) has no bearing on whether § 3620(b) and 570.21 are consistent with the § 3621(b) statutory scheme for BOP placement and transfer determinations." 477 F.3d at 1166.

Stripped of the attempted link to § 3624(c), Smith's contention that the BOP's temporal restriction on RRC placement comports with § 3621(b) is singularly unpersuasive. The BOP regulations necessarily violate the unambiguously expressed intent of Congress expressed in § 3621(b), which expressly instructs that all placement and transfer determinations take into consideration each of the five factors enumerated in the statute.¹ That Congress intended the BOP to apply each of the factors is evidenced by the invocation of the word "and" between the fourth and fifth factors. *See Wedelstedt*, 477 F.3d at 1165–66; *see also* Bluestone Telephone Co. v. Public Utilities Com'n, 827 F.2d 1264, 1273 (9th Cir.1987) (noting that use of the conjunctive indicates that all of the conditions listed must be met).

The factors that the BOP must consider under § 3621(b) are:
(1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence—(A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or (B) recommending a type of penal or correctional facility as appropriate, and (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.¹ 18 U.S.C. § 3621(b).

As aptly stated in *Wedelstedt*, 477 F.3d at 1161, "[t]he relationship between the two statutes and § 3621(b) and the regulations ... lie at the core of the dispute."

**18 U.S.C. § 3621(b)** . gives the agency discretion ... This delegation of discretion, however, is cabined by further mandatory direction .. to consider the five factors enumerated in the statute ." *Id.* at 1165(citation, alteration and internal quotation marks omitted).

"After considering the language of § 3621(b) and the relationship between its cabined language and § 3624(c)'s affirmative obligation," the Tenth Circuit saw no conflict between the two statutes. *Id.* at 1166.

Relying on the Supreme Court decision in *Lopez v. Davis*, 531 U.S. 230, 121 S.Ct. 714, 148 L.Ed.2d 635 (2001), the First Circuit held that "[t]he question whether a CCC is an appropriate facility for any prisoner during the first ninety percent of a term is a subset" of the broader question of "what specific facility is right one to house each prisoner." *Muñiz*, 517 F.3d at 29. The First Circuit reasoned that considered this argument, we are not persuaded that *Lopez* supports the BOP's categorical exercise of discretion when administering § 3621(b).

applying flexibility to the right one to house each prisoner." *Muñiz*, 517 F.3d at 29. The First Circuit reasoned that deciding the final issue of placement on a categorical basis." *Id.* However, this [language] [naturalizing] does not change the fact that the regulations thwart the explicitly expressed will of Congress.

In *Lopez*, the Supreme Court upheld a BOP regulation that categorically excluded inmates convicted of offenses involving firearms from discretionary early release eligibility under 18 U.S.C. § 3621(b)(2)(B). 531 U.S. at 233, 121 S.Ct. 714. However, the Supreme Court expressly noted that § 3621(e)(2)(B) required an individualized determination that does *Id.* at 243–44, 121 S.Ct. 714. The Court also emphasized that Congress was silent as to the "precise question at issue" and "statutory gap" existed. *Id.* at 242, 121 S.Ct. 714.

The Court in *Lopez* pointedly discussed the absence from the statutory language of any criteria the BOP could use in applying the statute. *Id.* In contrast, § 3621(b) provides a list of five factors, all of which the BOP must consider in determining prisoner placement. *See* 18 U.S.C. § 3621(b)(1)(5). Moreover, at least three of these factors are inmate-specific. *See Id.* at § 3621(b)(2)-(4) (calling for consideration of "(2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; and (4) any statement by the court that imposed the sentence ...."). Thus, unlike the statute in *Lopez*, the BOP is not left without guidance on how to apply the statute.

We also base the observations made by the Tenth Circuit:

*Lopez* makes clear ... that an agency's authority to promulgate categorical rules is limited by clear congressional intent to the contrary. In other words, *Lopez* applies only where Congress has not spoken to the precise issue raised and the statute contains a gap. The Court was careful to state that 18 U.S.C. § 3621(e)(2)(B) ... did not identify any criteria for the BOP to use. Section 3621(b), in contrast, enumerates five factors, including three that are specific to the individual prisoner.

*Wedelstedt*, 477 F.3d at 1168 (citations omitted), *see also Fults*, 455 F.3d at 247 (noting that "sentencing recommendations and other individual factors ... are not generally applicable[,]" as was the case in *Lopez*, where the only factor at issue was use of a firearm during the crime of conviction). "Moreover,

Congress *did* appear to express intent to withhold from the BOP the authority to make CCC placements without the guidance of the statutory factors."[)] (emphasis in the original)

*1189 Like the majority of our sister circuits that have considered this argument, we are not persuaded that *Lopez* supports the BOP's categorical exercise of discretion when administering § 3621(b).

Finally, we are not convinced that reference to some of the factors in the BOP regulation translates into compliance with the statutory factors contained in § 3621(b). See *Muñiz*, 517 F.3d at 30. As the Tenth Circuit astutely remarked:

The BOP cannot validate this otherwise invalid regulation by claiming to have categorically considered the five statutory factors during the rulemaking process. The individualized nature of three of the five factors—the nature of the prisoner's offense, the prisoner's history and characteristics, and the sentencing judge's statement—made such consideration impossible.

*Wedelstedt*, 477 F.3d at 1168 (citing *Fults*, 442 F.3d at 1092); see also *Wedelstedt*, 477 F.3d at 248.

## IV. CONCLUSION:

The BOP's regulations conflict with the plain language of 18 U.S.C. § 3621(b) as to when an inmate may be considered for initial placement in or transfer to an RRC. We therefore AFFIRM the district court's order granting the writ of habeas corpus ordering the BOP to promptly consider Rodriguez for transfer to an RRC without reference to 28 C.F.R. §§ 570.20 and 570.21.

## AFFIRMED.

RYMER, Circuit Judge, dissenting.

While I understand joining the parade of courts to decide this issue, I would reverse for the reason stated in *Muñiz v. Sabol*, 517 F.3d 29, 31 (1st Cir. 2008) and in Judge Bea's well-reasoned dissent in *Levine v. Apker*, 455 F.3d 71, 87 (2d Cir. 2006).

All Citations

541 F.3d 1180, 08 Cal. Daily Op. Serv. 11,750, 2008 Daily Journal D.A.R. 14,016